UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PERPARIM AND SHPRESA MEFAJ,**

        Plaintiffs,        CIVIL ACTION NO. 14-cv-13486

        v.        DISTRICT JUDGE SEAN F. COX

**INDYMAC, F.S.B., et al.,**        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiffs Perparim and Shpresa Mefaj commenced this action in the Macomb County Circuit Court against Defendants IndyMac, F.S.B.; IndyMac Mortgage Services; OneWest Bank, F.S.B.;[1] Ocwen Loan Servicing, LLC; Deutsche Bank National Trust Company as Trustee of the IndyMac INDX Mortgage Loan Trust 2004-AR8, Mortgage Pass-Through Certificates, Series 2004-AR8; and the Federal National Mortgage Association on August 21, 2014. (Docket no. 1 at 15-27.) In their Complaint, Plaintiffs challenge foreclosure proceedings related to real property located at 20536 Castleton Avenue in Macomb, Michigan. (*See id*.) The case was removed to this Court on September 8, 2014. (Docket no. 1.) Before the Court is Defendant OneWest Bank, N.A.'s Motion to Dismiss, filed individually and on behalf of its division, IndyMac Mortgage Services; Ocwen Loan Servicing, LLC; and Deutsche Bank National Trust Company. (Docket no. 2.) Plaintiffs have not responded to Defendants' Motion. The Motion has been referred to the undersigned for consideration. (Docket no. 3.) The undersigned has

---

[1] OneWest Bank, F.S.B. is now operating as OneWest Bank, N.A. (Docket no. 2 at 2.)

reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.     RECOMMENDATION

For the reasons that follow, the undersigned recommends that Defendants' Motion to Dismiss (docket no. 2) be **GRANTED** with regard to Defendants' motion to dismiss Plaintiffs' Complaint with prejudice and **DENIED** with regard to Defendants' motion for the costs and attorney fees they incurred in bringing the Motion. The undersigned further recommends that this matter be dismissed in its entirety.

## II.    REPORT

### A.    Facts and Procedural History

Plaintiffs borrowed the sum of one hundred ninety-six thousand dollars ($196,000.00) from IndyMac Bank, F.S.B. on August 9, 2004, and, as security for the loan, granted Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender, a mortgage interest in real property located at 20536 Castleton Avenue in Macomb, Michigan. (Docket no. 1 at 28-47.) On April 30, 2012, MERS assigned the mortgage to Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2004-AR8, Mortgage Pass-Through Certificates, Series 2004-AR8 under the Pooling and Servicing Agreement dated September 1, 2004; this assignment was recorded on May 4, 2012. (*Id*. at 48-51.) IndyMac Mortgage Services, a division of OneWest Bank, F.S.B. previously serviced Plaintiffs' loan; Ocwen Loan Servicing, LLC is the current servicer of Plaintiffs' loan. (*Id*. at 18, 55; docket no. 2 at 12.)

Plaintiffs admit that they had been unable to make their mortgage payments due to a financial hardship, and in 2012 they initiated loan modification discussions with Defendant IndyMac Mortgage Services. (Docket no. 1 at 17-18.) On October 15, 2012, Defendant

IndyMac Mortgage Services informed Plaintiffs that it was unable to offer them a loan modification under the Home Affordable Modification Program (HAMP) because the proposed modified monthly payment was outside the required range of 25-42% of Plaintiffs' monthly gross income, which Defendant IndyMac Mortgage Services calculated at $1,373.08. (*Id*. at 55.) Plaintiffs disputed the calculation of their monthly gross income, and, upon further review, Defendant IndyMac Mortgage Services confirmed the calculation of Plaintiffs' monthly gross income and the denial of Plaintiffs' HAMP loan modification application on October 18, 2012. (*Id*. at 53.) Plaintiffs allege that they again attempted to secure a loan modification in November 2012 and 2013, to no avail. (*Id*. at 19.)

Foreclosure proceedings were initiated, and a sheriff's sale took place on February 21, 2014, at which Defendant Deutsche Bank National Trust Company purchased the property. (Docket no. 1 at 56-63.) Plaintiffs filed the instant complaint in the Macomb County Circuit Court on August 21, 2014, the same day that the six-month redemption period was set to expire. (*Id*. at 15-27.) Also on August 21, 2014, Circuit Court Judge James M. Biernat, Jr. entered an ex parte temporary restraining order (TRO) staying the redemption period.[2] (Docket no. 2-6.) Defendants removed the case to this Court on September 8, 2014. (Docket no. 1.) Subsequently, on September 19, 2014, Defendants filed the instant Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket no. 2.)

---

[2] The TRO expired on September 22, 2014. *See* Fed. R. Civ. P. 65(b)(2); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439-40 (1974) ("An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal.") (footnote omitted).

**B.     Governing Law**

When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)).  But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "facial plausibility" is required to "unlock the doors of discovery."  *Id.*  To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

**C.     Analysis**

Plaintiffs set forth three causes of action in their Complaint:  Count I – Injunctive Relief; Count II – Misrepresentation/Fraud; and Count III – Slander of Title/Quiet Title.  (*See* docket no. 1 at 22-25.)  Defendants argue that Plaintiffs' Complaint should be dismissed pursuant to Federal

4

Rule of Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (*See* docket no. 2.) Each cause of action set forth by Plaintiffs is addressed in turn below.

> 1. *Count I – Injunctive Relief*

The first cause of action set forth by Plaintiffs is "Injunctive Relief." (Docket no. 1 at 22-24.) Plaintiffs' counsel previously and unsuccessfully alleged this identical cause of action on behalf of another mortgage foreclosure client in *Narra v. Fannie Mae*, No. 2:13-cv-12282, 2014 WL 505571 (E.D. Mich. Feb. 7, 2014). In *Narra*, Chief Judge Rosen addressed this cause of action as follows:

> As this Court has noted before in other mortgage foreclosure cases, Plaintiff's request for injunctive relief in Count I must be denied because injunctive relief is a remedy and not an independent cause of action. *See, e.g., Riley–Jackson v. Ocwen Loan Servicing,* 2013 WL 5676827, at *5 (E.D.Mich. Oct.18, 2013) (Rosen, C.J.); *see also Terlecki v. Stewart,* 278 Mich.App. 644, 663, 754 N.W.2d 899 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action."). "It is not the remedy that supports the cause of action, but rather the cause of action that supports a remedy." *Henry v. Dow Chem. Co.,* 473 Mich. 63, 96–97 (2005) (citation omitted). Therefore, a plaintiff cannot advance a request for an injunction without a legally cognizable underlying substantive cause of action. *Terlecki, supra.* Plaintiff's Count I in this case purports to state a separate request for injunctive relief, and, therefore, fails to state a claim. To the extent injunctive relief is requested as a remedy, as Plaintiff has failed to state any legally cognizable claim in her other counts as discussed in detail below, she has no underlying cause of action upon which a request for injunctive relief may be based. As such, Plaintiff's Count I must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief may be granted.

*Id*. at *3. Chief Judge Rosen's analysis in *Narra* applies equally to the instant matter. Accordingly, the undersigned recommends that Defendants' Motion be granted with respect to this claim.

> 2. *Count II – Misrepresentation/Fraud*

In Count II of their Complaint, Plaintiffs claim that Defendants engaged in misrepresentation, fraud, and deceit "by their numerous affirmative representations to Plaintiffs

regarding review and consideration of their various [Loan Modification Applications] and the improper denial of the HAMP modification." (Docket no. 1 at 24.) Plaintiffs further argue that Defendants should not be allowed to "create a false and inaccurate basis upon which to deny a homeowner a modification, refuse to correct or explain the wrongful denial, and then benefit by taking Plaintiffs' home." (*Id.*)

Under Michigan law, the elements of a claim for fraudulent misrepresentation are: (1) that the defendant made a material misrepresentation; (2) that was false; (3) that when he made it he knew that it was false, or he made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that the plaintiff was injured as a result. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (citation omitted). "[T]he absence of any one of [these elements] is fatal to a recovery." *Id.*

Federal Rule of Civil Procedure 9(b) imposes an obligation on any plaintiff alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." To meet the particularity requirement of Rule 9(b), the plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation and internal quotation marks omitted). At a minimum, the plaintiff "must allege the time, place and contents of the misrepresentations upon which [she] relied." *Id.* The plaintiff "also must allege facts from which it could be concluded that [her] reliance was reasonable." *Issa v. Provident Funding Grp., Inc.*, No. 09-12595, 2010 WL 538298, at *5 (E.D. Mich. Feb. 10, 2010) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Mich. Ct. App. 1999)). "The threshold test is whether the complaint places

the defendant on sufficient notice of the misrepresentation, allowing the defendant[] to answer, addressing in an informed way the [plaintiff's] claim of fraud." *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010) (citation omitted; alterations in original) (dismissing the plaintiffs' complaint because it did "not contain allegations concerning the time and place of the alleged misrepresentations.").

Plaintiffs make only general allegations to support their claims of misrepresentation and fraud. In addition to the allegations set forth at the beginning of this section, Plaintiffs assert that "Defendants represented that they were engaging in that meaningful [loan modification] process, but were actually misleading Plaintiffs, and delaying Plaintiffs' ability to enter into a loan modification to bring the loan out of default status." (Docket no. 1 at 20.) Plaintiffs' Complaint, however, is devoid of any specific factual allegations regarding which of the six Defendants in this matter made fraudulent statements to Plaintiffs, what those statements were, the date and time the statements were made, or why the statements were fraudulent. Thus, Plaintiffs' Complaint fails to meet the particularity requirements of Rule 9(b). This failure, combined with only a mere recitation of the elements of a Michigan fraudulent misrepresentation claim, necessitates the recommendation that Count II of Plaintiffs' Complaint be dismissed for failure to state a claim upon which relief can be granted.

### 3. Count III – Slander of Title/Quiet Title

Plaintiffs assert two separate causes of action in Count III of their Complaint: slander of title and quiet title. (Docket no. 1 at 25.) Quiet title actions in Michigan are statutory in nature. Michigan law provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims . . . [an inconsistent interest]." Mich. Comp. Laws § 600.2932(1). The plaintiff has the

7

burden of proof in an action to quiet title and must make out a prima facie case of title. *Stinebaugh v. Bristol*, 347 N.W.2d 219, 221 (Mich. Ct. App. 1984). If the plaintiff makes out such a case, then the defendant has the burden of proving a superior right or title in itself. *Beulah Hoagland Appleton Qualified Pers. Residence Trust. v. Emmet County Rd. Comm'n*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999).

Plaintiffs allege that Defendants lacked standing and legal authority to commence foreclosure proceedings due to their negligence, fraud, and misrepresentation regarding Plaintiffs' loan modification application and loan, thereby rendering the resulting sheriff's sale and deed voidable. (Docket no. 1 at 20, 25.) Plaintiffs' quiet title claim of superior interest is based on the assumption that Plaintiffs' other claims are valid. Plaintiffs' quiet title claim is without merit. First, Plaintiffs did not set forth a cause of action for negligence in their Complaint, and, as discussed *supra*, they fail to state a claim for fraud or misrepresentation. Moreover, Plaintiffs do not assert that the assignment of the mortgage to Deutsche Bank National Trust Company is invalid or allege that there were any defects or irregularities in the foreclosure proceedings. *See Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 336-37 (Mich. 2012). Furthermore, Plaintiffs agreed to pay the loan securing the property by signing the note and the mortgage, and they do not dispute that they defaulted on that loan. Plaintiffs have not made a prima facie showing that their title to the property is superior to that of Defendants. *See Derbabian v. Bank of America, N.A.*, 587 F. App'x 949, 958 (6th Cir. 2014). Accordingly, Plaintiffs' quiet title claim should be dismissed.

Plaintiffs also allege that "Defendants' actions have slandered the title of Plaintiff [sic] and her [sic] property, entitling her [sic] to damages." (Docket no. 1 at 25.) Michigan slander of title claims "have both a common-law and statutory basis." *B & B Inv. Group v. Gitler*, 581

8

N.W.2d 17, 20 (Mich. Ct. App. 1998). Under both bases, a plaintiff must prove "falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *Id*.; Mich. Comp. Laws § 565.108. Plaintiffs' claim fails to identify any false statements, allege any malice, or specify how Defendants' conduct caused any special damages.[3] Instead, it contains merely conclusory statements, and as a result, Plaintiffs have failed to state a claim. Therefore, the undersigned recommends that Defendants' Motion to Dismiss Count III of Plaintiffs' Complaint be granted.

Lastly, as the moving Defendants point out, Defendants IndyMac Bank, F.S.B. and the Federal National Mortgage Association have not yet been served. Nevertheless, as discussed above, Plaintiffs' Complaint fails to state a claim against any Defendant, regardless of service. Accordingly, the undersigned recommends that Plaintiffs' Complaint against all Defendants be dismissed in its entirety.

### D. Conclusion

For the above-stated reasons, with regard to Defendants' Motion to Dismiss (docket no. 2), the undersigned recommends that the Court **GRANT** Defendants' motion to dismiss Plaintiffs' Complaint with prejudice; **DENY** Defendants' motion for an award of the costs and attorney fees they incurred in bringing the Motion; and dismiss this matter in its entirety.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v.*

---

[3] Perplexingly, however, the claim contains an allegation regarding two non-parties: Freddie Mac and Citi. (Docket no. 1 at 25.)

*Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 23, 2015            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: April 23, 2015            s/ Lisa C. Bartlett
                                 Case Manager

10